### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CORDERO WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | Case No.: 14-CV-7031 |
| ) | |
| v. ) | JUDGE MILTON I. SHADUR |
| ) | |
| CITY OF CHICAGO, OFFICER ) | COMPLAINT FOR VIOLATION OF |
| CURTIN, STAR NO. 6226, OFFICER ) | CIVIL RIGHTS AND STATE |
| HARRIS, STAR NO. 9773, OFFICER ) | SUPPLEMENTAL CLAIMS |
| CARTER, STAR NO. 7429, OFFICER C. ) | |
| WILLIAMS, STAR NO. 1154, OFFICER ) | **JURY DEMANDED** |
| Z. DAVIS, STAR NO. 12017, OFFICER ) | |
| J. COUCH, STAR NO. 12716, OFFICER ) | |
| R. COLLINS, STAR NO. 13010, ) | |
| OFFICER A. MARTINEZ, STAR NO. ) | |
| 13293, OFFICER R. MOSQUEDA, ) | |
| STAR NO. 13662, OFFICER I. GAMEZ, ) | |
| STAR NO. 15210, OFFICER I. ) | |
| LACEFIELD, STAR NO. 16036, ) | |
| OFFICER M. FAZY, STAR NO. 17775, ) | |
| OFFICER L. MOORE JR., STAR NO. ) | |
| 5491, AND OFFICER J. ALI, STAR NO. ) | |
| 8411, ) | |
| ) | |
| Defendants. ) | |

### FIRST AMENDED COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff Cordero Williams ("Plaintiff") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant City of Chicago Police Officer Curtin, Star No. 6226, ("Curtin") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

5. At all times herein mentioned, Defendant City of Chicago Police Officer Harris, Star No. 9773, ("Harris") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, Defendant City of Chicago Police Officer Carter, Star No. 7429, ("Carter") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

7. At all times herein mentioned, Defendant City of Chicago Police Officer C. Williams, Star No. 1154, ("Williams") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

8. At all times herein mentioned, Defendant City of Chicago Police Officer Z. Davis, Star No. 12017, ("Davis") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

9. At all times herein mentioned, Defendant City of Chicago Police Officer J. Couch, Star No. 12716, ("Couch") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

10. At all times herein mentioned, Defendant City of Chicago Police Officer R. Collins, Star No. 12716, ("Collins") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

11. At all times herein mentioned, Defendant City of Chicago Police Officer A. Martinez, Star No. 13293, ("Martinez") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

12. At all times herein mentioned, Defendant City of Chicago Police Officer R. Mosqueda, Star No. 13662, ("Mosqueda") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

13. At all times herein mentioned, Defendant City of Chicago Police Officer I. Gamez, Star No. 15210, ("Gamez") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

14. At all times herein mentioned, Defendant City of Chicago Police Officer I. Lacefield, Star No. 16036, ("Lacefield") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

15. At all times herein mentioned, Defendant City of Chicago Police Officer M. Fazy, Star No. 17775, ("Fazy") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

16. At all times herein mentioned, Defendant City of Chicago Police Officer L. Moore, Jr., Star No. 17775, ("Moore") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

17. At all times herein mentioned, Defendant City of Chicago Police Officer J. Ali, Star No. 8411, ("Ali") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in their individual capacity.

(Defendants Curtin, Harris, Carter, Williams, Davis, Couch, Collins, Martinez, Mosqueda, Gamez, Lacefield, Fazy, Moore and Ali are collectively referred to herein as the "Individual Defendants")

18. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

4

**FACTUAL ALLEGATIONS**

19. On or about February 28, 2014, Plaintiff was lawfully in a public place, in the City of Chicago, Cook County, State of Illinois.

20. On that day and place the Individual Defendants seized Plaintiff.

21. During the course of seizing Plaintiff, the Individual Defendants used force against Plaintiff.

22. There was no legal cause for the Individual Defendants to use force against Plaintiff.

23. Each the Individual Defendants witnessed other Individual Defendants use force against Plaintiff.

24. The Individual Defendants failed to take any action to protect Plaintiff from the force used by other Individual Defendants including, but not limited to, Defendants Curtin, Carter and Harris.

25. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all in an amount to be ascertained.

26. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

27. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff

requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff Against the Individual Defendants
### for EXCESSIVE FORCE

28. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-seven (27) hereat as though fully set forth at this place.

29. During and immediately after Plaintiff's seizure, the Individual Defendants used excessive force against Plaintiff's person.

30. There was no legal cause for the Individual Defendants to use force against Plaintiff.

31. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

32. The physical violence inflicted upon Plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Against the Individual Defendants For
### FAILURE TO PROTECT

33. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-seven (27) hereat as though fully set forth at this place.

34. The Individual Defendants used excessive force against Plaintiff's person.

35. There was no legal cause for the Individual Defendants to use force against Plaintiff.

36. Each Individual Defendant had the ability and opportunity to stop the other Individual Defendants, including but not limited to, Curtin, Harris and Carter, from using excessive force against Plaintiff but failed to do so.

37. By reason of these acts and/or omissions by the Individual Defendants, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

38. The physical violence inflicted upon Plaintiff by the Individual Defendants was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth Amendment Rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT III
### Plaintiff Against the Individual Defendants and the City of Chicago For The Supplemental Claim Of BATTERY

39. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-seven (27) hereat as though fully alleged at this place.

40. The Individual Defendants without any legal cause, used force against Plaintiff's person.

41. The use of force by the Individual Defendants against Plaintiff's person constituted a battery to Plaintiff.

42. As a result of the battery, plaintiff was injured physically, emotionally, and otherwise.

43. The City of Chicago is liable to plaintiff for the acts of the Individual Defendants pursuant to the doctrine of *respondeat superior*.

44. Therefore, the Individual Defendants and the City of Chicago are liable under the supplemental state law claim of Battery.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

>BY: <u>s/ Jonathan R. Ksiazek</u>
>Jonathan R. Ksiazek
>ED FOX & ASSOCIATES
>Attorneys for Plaintiff
>300 West Adams
>Suite 330
>Chicago, Illinois 60606
>(312) 345-8877
>jksiazek@efox-law.com

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CORDERO WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | Case No.: 14-CV-7031 |
| ) | |
| v. ) | JUDGE MILTON I. SHADUR |
| ) | |
| CITY OF CHICAGO, OFFICER ) | |
| CURTIN, STAR NO. 6226, OFFICER ) | |
| HARRIS, STAR NO. 9773, OFFICER ) | |
| CARTER, STAR NO. 7429, OFFICER C. ) | |
| WILLIAMS, STAR NO. 1154, OFFICER ) | |
| Z. DAVIS, STAR NO. 12017, OFFICER ) | |
| J. COUCH, STAR NO. 12716, OFFICER ) | |
| R. COLLINS, STAR NO. 13010, ) | |
| OFFICER A. MARTINEZ, STAR NO. ) | |
| 13293, OFFICER R. MOSQUEDA, ) | |
| STAR NO. 13662, OFFICER I. GAMEZ, ) | |
| STAR NO. 15210, OFFICER I. ) | |
| LACEFIELD, STAR NO. 16036, ) | |
| OFFICER M. FAZY, STAR NO. 17775, ) | |
| OFFICER L. MOORE JR., STAR NO. ) | |
| 5491, AND OFFICER J. ALI, STAR NO. ) | |
| 8411, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF FILING**

To: Brian Kolp
Lindsay Wilson Gowin
Julian Johnson
Assistant Corporation Counsel
City of Chicago
30 N. LaSalle St., Suite 900
Chicago, IL 60602

    PLEASE TAKE NOTICE that on June 18, 2015, the undersigned filed with the Clerk of this Court, **PLAINTIFF'S FIRST AMENDED COMPLAINT**, service of which is being made upon you.

                                                s/Jonathan R. Ksiazek
                                                Jonathan R. Ksiazek
                                                ED FOX & ASSOCIATES
                                                300 West Adams, Suite 330

Chicago, IL 60606<br>
(312) 345-8877

## **PROOF OF SERVICE**

  I, Jonathan R. Ksiazek, an attorney, under penalty of perjury, and state that on June 18, 2015, service is being made in accordance with the General Order on Electronic Case Filing section XI.

s/Jonathan R. Ksiazek<br>
Jonathan R. Ksiazek